RICKY R. RICE and ANGELA RICE,       )
Representatives of the ESTATE OF       )
RICK DALE RICE, Deceased,       )
       )
      Plaintiffs       )
       )
      v.       )      CAUSE NO. 3:17-CV-448 RLM-MGG
       )
DOUGLAS EDWARD GRANT and       )
PRIME CHOICE MEATS, INC.,       )
       )
      Defendants       )

## OPINION AND ORDER

Angela Rice, the wife of the decedent and one of two individuals appointed to represent the Estate of Rick Dale Rice, filed a motion for partial summary judgment and a motion to voluntarily dismiss this case, which is the second of two wrongful death actions initiated against Douglas Grant and Prime Choice Meats. Mrs. Rice seeks summary judgment with respect to Ricky Rice's claim that he has authority and standing to bring a wrongful death claim the estate's behalf, and, assuming the court grants that motion, asks the court to dismiss this action under Fed. R. Civ. P. 41(a)(2), "so that she, as the fiduciary with the capacity and sole authority to bring the wrongful death action under Indiana law, may pursue it in her chosen venue, the St. Joseph Superior Court...." Mr. Rice asserts that the decedent Rick, his father, was a Michigan resident and citizen when he died

and that the Cass County, Michigan Probate Court appointed him, Ricky Rice, to serve as Personal Representative of his father's estate more than four months before the St. Joseph County, Indiana, Circuit Court appointed Ms. Rice Special Administrator; Ricky Rice sees this sequence of events as giving him the authority to bring this suit in an Indiana federal court. The court heard argument on the issues on November 28.

Summary judgment is only appropriate when the pleadings, discovery materials, disclosures, and affidavits demonstrate that there are no genuine issue of material fact, and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Protective Life Ins. Co. v. Hansen, 632 F.3d 388, 391-392 (7th Cir. 2011).

Ms. Rice asserts that she is the only beneficiary of a wrongful death action, that the "general estate has no interest in damages from ]a wrongful death[ suit", and that she is "the only appropriate plaintiff to bring a wrongful death claim under Indiana law." Indiana's Wrongful Death statute states otherwise:

> When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter....When the death of one is caused by the wrongful act or omission of another, the action shall be commenced by the personal representative of the decedent within two )2( years, and the damages shall be in such an amount as may be determined by the court or jury, including, but not limited to, reasonable medical, hospital, funeral and burial expenses, and lost earnings of such deceased person resulting from said wrongful act or omission. That part of the damages which is recovered for reasonable medical, hospital, funeral and burial expense shall inure to the exclusive benefit of the decedent's estate for the payment thereof.

> The remainder of the damages, if any, shall...inure to the exclusive benefit of the widow or widower...and to the dependent children, if any, or dependent next of kin, to be distributed in the same manner as the personal property of the deceased....

IND. CODE § 34-23-1-1.

Ricky Rice was appointed personal representative March 3, 2016 in Michigan, where the decedent lived. Angela Rice was appointed special administrator of the estate on July 11, 2016 in Indiana, where the decedent met his death. IND. CODE § 34-23-1-1 gives both the authority to sue for wrongful death in Indiana. Ms. Rice was the first to file a wrongful death claim, but she is neither the only beneficiary of such a claim, nor "the only appropriate plaintiff to bring a wrongful death claim." The statute expressly provides that any damages that may be recovered "inure to the exclusive benefit of *the estate* for the payment of [reasonable medical, hospital, funeral, and burial] expenses", IND. CODE § 34-23-1-1 (emphasis added), with any remaining damages going to the widow. As the personal representative of the estate, Mr. Rice is responsible for paying the expenses of the estate, has authority to commence such an action, and has an interest in the damages from any wrongful death action.

Mrs. Rice isn't entitled to summary judgment on her claim that she is the only person who could bring this suit. As one of two plaintiffs, she can't get the case dismissed on her motion alone.

So we are left where we were before Mrs. Rice filed these motions – one wrongful death case in an Indiana state court filed by a special administrator

appointed by that court specifically to file the case, and one wrongful death act in a federal district court sitting in Indiana (across the street from the state court) in which there are two separately represented, and apparently quite antagonistic, plaintiffs. Proceeding in this case under those conditions wouldn't be impossible, but it would be messy: the plaintiffs might well disagree among themselves on which witnesses to call and how to question them – indeed, each plaintiff likely would be cross-examined by the other, *see* Fed. R. Evid. 611(c), and the defendants wouldn't know who to negotiate with for settlement purposes.

Fortunately, there might be a solution: this court, the federal court, might abstain until the state proceedings are completed under the abstention doctrine recognized in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).

A federal court has a "virtually unflagging obligation" to exercise the jurisdiction that Congress has given it. AAR Intern., Inc. v. Nimelias Enterprises S.A., 250 F.3d 510, 517 (7th Cir.2001) (quoting Colorado River, 424 U.S. at 817). But in "exceptional" circumstances, a federal court can abstain from hearing a case and "await the outcome of parallel proceedings as a matter of 'wise judicial administration, giving regard to the conservation of judicial resource and comprehensive disposition of litigation.'" Finova Capital Corp. v. Ryan Helicopters U.S.A., Inc., 180 F.3d 896, 898 (7th Cir.1999) (quoting Colorado River, 424 U.S. at 817). Abstention is only warranted for "the clearest of justifications" and when

4

the parallel litigation will be "an adequate vehicle for the complete and prompt resolution of the issues between the parties.'" AAR Intern., Inc. v. Nimelias Enterprises S.A., 250 F.3d at 518 (quoting Colorado River, 424 U.S. at 819 and Moses H. Cone Mem'l Hosp., 460 U.S.1, 28 (1983)).

A court deciding whether a stay is appropriate in a particular case conducts a two-part analysis. Inquiry starts with "whether the concurrent state and federal actions are actually parallel." LaDuke v. Burlington N. R.R. Co., 879 F.2d 1556, 1559 (7th Cir. 1989). Suits needn't be identical to be parallel; suits are considered " 'parallel' when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." Clark v. Lacy, 376 F.3d 682, 686 (7th Cir. 2004) (quoting Calvert Fire Insurance Co. v. American Mutual Reinsurance Co., 600 F.2d 1228, 1229 n. 1 (7th Cir.1979)). Formal symmetry between the cases isn't required, Lumen Constr. Co. v. Brant Constr. Co., 780 F.2d 691, 695 (7th Cir. 1985), but there should be a "substantial likelihood that the state litigation will dispose of all claims presented in the federal case." Clark v. Lacy, 376 F.3d at 686.

> If the suits are parallel, the court considers a number of non-exclusive factors that might demonstrate the existence of "exceptional circumstances." These factors are: (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction;

(9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim.

Clark v. Lacy, 376 F.3d at 686 (citations omitted).

Colorado River abstention might, or might not, be appropriate with respect to this case. The court hasn't yet heard the parties' views.

For the foregoing reasons, the court DENIES Mrs. Rice's motion to dismiss [Doc. No. 48] and motion for summary judgment [Doc. No. 49], and GIVES the parties to and including **January 10, 2019**, to  submit their views on the propriety of abstention.

SO ORDERED.

ENTERED:   December 17, 2018

_____/s/ Robert L. Miller, Jr._____
Judge, United States District Court