UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICKY R. RICE and ANGELA RICE, Representatives of the ESTATE OF RICK DALE RICE, Deceased, | ) ) ) ) |
| Plaintiffs | ) ) |
| v. | ) CAUSE NO. 3:17-CV-448 RLM-MGG ) |
| DOUGLAS EDWARD GRANT and PRIME CHOICE MEATS, INC., | ) ) ) |
| Defendants | ) |

## OPINION AND ORDER

The court denied Angela Rice's motion to dismiss this action and motion for partial summary judgment in December, and directed the parties to brief the propriety of abstention. In response, Ms. Rice filed a motion to reconsider the December 17 order and argued, in the alternative, that the case should be stayed under the abstention doctrine. The defendants didn't address the motion to reconsider, but contend that the *Colorado River* doctrine doesn't apply because Ricky Rice isn't a party to the state wrongful death action, so the state and federal actions aren't parallel. For the following reasons, the court denies the motion to reconsider and stays this case pending disposition of the wrongful death action in the St. Joseph Circuit Court.

Ms. Rice's motion to reconsider is premised on an argument the court already has considered and rejected – that Ricky Rice's role as personal representative of his father's estate differs from Angela Rice's role as special administrator. The court recognized the difference, but held that both the personal representative and the special administrator had authority to sue for wrongful death in Indiana. Ms. Rice hasn't demonstrated otherwise. Her motion raises new arguments about Mr. Rice's eligibility to serve as a personal representative in Indiana, but Mr. Rice was appointed personal representative of the estate in Michigan, not Indiana, and the evidence submitted in support of her new argument can't be characterized as newly discovered.

That leaves two wrongful death cases, one in state court and one here. Both seek the same relief – to recover damages that "inure to the exclusive benefit of the estate" for the payment of reasonable medical, hospital, funeral, and burial expenses, with any remaining amount going to the widow, Ms. Rice. IND. CODE § 34-23-1-1. As the court noted in it's prior order, proceeding in this case under those conditions wouldn't be impossible, but it would be messy. The *Colorado River* abstention doctrine provides a fair and reasonable alternative. *See* Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).

The state and federal actions involve substantially the same parties (the estate – which is represented by Mr. Rice and Ms. Rice – and the defendants) "contemporaneously litigating substantially the same issues", and there is a

"substantial likelihood that the state litigation will dispose of all claims presented in the federal case." Clark v. Lacy, 376 F.3d 682, 686 (7th Cir. 2004). Formal symmetry between the cases isn't required. Lumen Constr. Co. v. Brant Constr. Co., 780 F.2d 691, 695 (7th Cir. 1985).

When the suits are parallel, as these are, the court considers a number of factors in determining whether exceptional circumstances exist warranting abstention, including the inconvenience of the federal forum, the desirability of avoiding piecemeal litigation, the order in which jurisdiction was obtained by the concurrent forums, the source of governing law (state or federal), the adequacy of state-court action to protect the federal plaintiff's rights, the presence or absence of concurrent jurisdiction, and the vexatious or contrived nature of the federal claim. Clark v. Lacy, 376 F.3d at 686. Each of those factors weighs in favor of abstention.

Accordingly, the court:

(1) DENIES the motion to reconsider the December 17 opinion and order [Doc. No. 61];

(2) DENIES the defendants' motion for extension of time to submit it's views on abstention [Doc. No. 60] and the joint motion to continue the case management deadlines [Doc. No. 64] as moot;

(3) VACATES the December 3, 2018 scheduling order [Doc. No. 58]; and

(4) STAYS proceedings in this case until further order. The case will be restored to the active docket upon motion of either party, following disposition of the wrongful death action in the St. Joseph Circuit Court.

SO ORDERED.

ENTERED: <u>  May 14, 2019  </u>

<u>        /s/ Robert Miller, Jr.        </u>
Judge, United States District Court